## FOR THE EIGHTH CIRCUIT

Case No. 13-2475

in re David Stebbins ) on Petition for Writ of Mandamus
)
)

## PETITION FOR WRIT OF MANDAMUS

1. Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following petition for writ of mandamus.

### Relief Sought

2. Petitioner seeks to have Judge Holmes and Judge Marchewski (co-respondents in this petition) to either

   A) grant the motions to disqualify themselves in all pending cases, or

   B) pass judgment on the pending motions in Case Nos. 12-3022, 12-3032, 12-3130, and 12-3131 in the U.S. District Court for the Western District of Arkansas.

### Issues Presented

2. Respondents are taking far too long to rule on some very simple motions. Furthermore, James R. Marchewski has publicly confessed to holding an animus against Petitioner, which likely is fueling the delays being grieved about in this petition.

### Facts

3. Plaintiff has filed a large number of lawsuits, although Plaintiff denies that any of them were frivolous.

4. Despite the lack of frivolousness of the lawsuits Plaintiff has filed, this Court has

nonetheless saw fit to hold an animus against Plaintiff for the large quantity of lawsuits filed. Specifically, in Case Nos. 12-3130 and 12-3131, in Docket Entries #7 and #6 respectively, Respondent Marchewski decided to finally confess his animus about the lawsuits Plaintiff has filed, and request that Plaintiff be forever barred from obtainin *in forma pauperis* status in that Court ever again.

5. Plaintiff has explained the lack of justification behind this animus in his objections to those "Report & Recommendation" filings, in Docket Entries #8 and #7, respectively.

6. Plaintiff has also filed motions for Respondents to remove themselves from the proceedings of the four cases which are currently pending. Petitioner also filed similar motions in his cases against Harp & Associates and Legal Aid of Arkansas (Case Nos. 11-3078 and 11-3057, respectively), except that Petitioner also asked the Court to first vacate the judgments and re-open the cases, and only after that happened, to remove themselves from the cases.

7. Meanwhile, Case Nos. 12-3022 and 12-3032 seem to be shelved. Aside from the above-mentioned motions to recuse, nearly a year – *nearly a* year – has passed without any activity in both of those cases. This is especially elephant-in-the-room-ish in Case No. 12-3022, where there is no motion to dismiss pending, and yet, the case has not even received a *scheduling order*!

8. Of course, even if it were to receive a scheduling order, based on his handling of Plaintiff's lawsuits against Legal Aid of Arkansas and Harp & Associates, he would probably wait until the time for discovery has passed before ruling on the motions to compel discovery, so as to ensure that Plaintiff would never be able to engage in further discovery after the motions had been ruled on, thus prejudicing Plaintiff's rights that way.

9. The delay in judicial activity is equally conspicuous in Case No. 12-3032, because Plaintiff has requested the Court to construe the Complaint as a petition for writ of mandamus. If the Court is to accept that argument, then it *should* be given priority over ordinary civil cases.

**Reasons for Issuing the Writ**

10. It may appear a bit hasty that Petitioner is already seeking mandamus relief to force a ruling on some motions to recuse that only just now got filed. However, that is not in fact the reason Petitioner is currently seeking mandamus relief.

11. See, in the motions to recuse, Petitioner stated that the animus was likely the cause of Plaintiff ultimately loosing his lawsuits against Harp & Associates and Legal Aid of Arkansas, and requested retrospective relief in those cases, and then requested prospective relief in the four currently-pending cases to prevent that injury from occuring.

12. That is not the point of this petition. Here, Petitioner argues that the animus spoken of in those motions are likely the proximate cause of the Respondent's procrastination in this case, and that – judicial procrastination – is *certainly* something that mandamus relief can rectify.

13. Petitioner's purpose for mentioning those motions in this particular petition was to save Petitioner the trouble of having to re-establish the *existence* of the animus and from having to re-litigate the unlawfulness and unconstitutionality of the animus. This way, this Court knows the animus exists and why it cannot be tolerated; it comes as a matter of common sense that this animus may very well be the cause of the judicial procrastination.

14. Therefore, the reason that Petitioner seeks mandamus relief to force a ruling on the

motions to recuse (as well as the corresponding motions filed in the cases of Stebbins v. Harp & Associates, as well as Stebbins v. Legal Aid) is so as to minimize the risk of this kind of delay happening again. In other words, Petitioner is seeking *prosective* relief in the form of mandamus.

15. Admittedly, this is off the beaten path, but Petitioner respectfully prays that the Court may nonetheless be willing to offer this remedy, on the hopes that it, with any luck, may eliminate the *need* for Petitioner to file any more petitions for writs of mandamus in the future.

## Conclusion

16. Wherefore, premises considered, Petitioner respectfully requests that the Respondents be ordered to make a choice between either of the reliefs requested in Paragraph #2 of this Petitioner.

17. So requested this 1st day of July, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com