# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS
POST OFFICE BOX 1525
FORT SMITH, ARKANSAS 72902
(479) 783-7045   FAX (479) 783-8671

JAMES R. MARSCHEWSKI
MAGISTRATE JUDGE

July 25, 2013

**FILED**
**JUL 29 2013**
**MICHAEL GANS**
**CLERK OF COURT**

United States Court of Appeals
For the Eighth Circuit
Clerk of Court
111 South 10th St., Room 24.329
St. Louis, MO 63102

    Re:  In re David Stebbins, Petition for Writ of Mandamus, No. 13-2475

On July 9, 2013, Petitioner, David Stebbins, filed a petition for writ of mandamus asking that I and Chief United States District Judge P.K. Holmes either recuse from all of Petitioner's pending cases, or rule on all pending motions in Case Numbers 12-3022, 12-3032, 12-3130 and 12-3131. I have been asked to respond to the petition.

First, I do not believe there are any grounds for recusal in Petitioner's cases. Under the applicable law, 28 U.S.C. § 455 or 28 U.S.C. § 144, a judge is to take into consideration all circumstances both public and private and determine if a reasonable, uninvolved observer would question the judge's impartiality. Using this test, I conclude that any person knowing the facts, both public and private, would know that there is absolutely no basis for the allegations of Plaintiff. Mere dissatisfaction with Court rulings, or the timing of the Court's rulings, does not ordinarily form the basis for recusal. See e.g., Dossett v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005)(adverse judicial rulings rarely constitute valid basis for recusal). The only knowledge the Court has of the Plaintiff is gleaned from his filings. No animus has been shown to the Plaintiff.

Second, I do not believe mandamus relief is appropriate in this case. Of the cases referenced by the Plaintiff: *Stebbins v. Social Security Administration Commissioner*, Civil No. 12-3032 is closed and on appeal; *Stebbins v. Stebbins, et al.*, Civil No. 12-3130 is closed and on appeal; and *Stebbins v. Bradford, et al.*, Civil No. 12-3131 is closed and on appeal.

In *Stebbins v. Boone County, Arkansas, et al.*, Civil No. 12-3022, there are a number of pending motions that I am in the process of disposing of. In an ideal world, all motions filed would be ruled on shortly after the response time has expired. However, this is just one of more than one hundred cases on my docket, either by consent or referral, involving *pro se* plaintiffs. Each case is important to the parties in it and deserves the proper attention of the Court. Especially in cases involving *pro se* plaintiffs, the Court must carefully review the issues raised in order to ensure that all litigants are treated fairly. Cases involving *pro se* litigants often require the expenditure of a significant amount of time to ensure that all arguments are considered and the law fairly applied.

If any further information is needed, please let me know.

Sincerely,

James R. Marschewski

cc: Mr. David Stebbins
    Honorable P.K. Holmes, III
    U.S. Clerk--12-3022; 12-3130; 12-3032; 12-3131